FILED
                                                  United States Court of Appeals
                                                          Tenth Circuit

PATRICIO CHAIREZ,

        Petitioner-Appellant,

v.                                                     No. 09-1466

KEVIN MILYARD, Warden; THE                       (D.C. No. 09-cv-01221-ZLW)
ATTORNEY GENERAL OF THE                                 (D. Colo.)
STATE OF [COLORADO] JOHN
SUTHERS,

        Respondents-Appellees.

                **ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

        Patricio Chairez, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his petition for writ

of habeas corpus seeking relief under 28 U.S.C. § 2254.  Because Chairez has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss the

matter.

                                            I

        On January 16, 1997, Chairez pled guilty in Colorado state court to one count of

_____

        [*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

second degree murder. Chairez was sentenced by the state trial court to a term of imprisonment of forty years.

On April 20, 2000, Chairez, through counsel, filed a motion to withdraw his guilty plea pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. In a supplement to that Rule 35(c) motion, Chairez alleged that he was never advised of his right to directly appeal his sentence, and argued that his lawyer's failure to advise him of his appellate rights constituted ineffective assistance of counsel. On November 20, 2001, the state trial court denied Chairez's motion to withdraw his guilty plea, but granted in part the supplement to the motion. Although the state trial court rejected Chairez's ineffective assistance claim, it determined that Chairez had not been properly advised of his right to appeal his sentence and ordered that Chairez "ha[d] the right to appeal the sentence previously imposed." App. at 65.

Chairez did not, however, pursue a direct appeal of his sentence. Instead, Chairez appealed the state trial court's denial of his ineffective assistance claim to the Colorado Court of Appeals (CCA). On April 24, 2003, the CCA affirmed the state trial court's ruling. The Colorado Supreme Court (CSC) subsequently denied Chairez's petition for writ of certiorari on August 25, 2003.

On December 15, 2003, Chairez filed with the state trial court a motion for reconsideration of his sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. The state trial court denied the motion on January 8, 2004. Chairez did not appeal that ruling.

On August 30, 2004, Chairez filed two motions for state post-conviction relief. The first, filed pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, alleged that the attorneys who represented him during his initial Rule 35(c) proceedings were ineffective for failing to directly appeal his sentence after the state trial court granted him the right to do so. The second, filed pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure, alleged that his sentence was illegal and sought correction thereof. On July 11, 2006, the state trial court denied both motions. In doing so, the state trial court concluded that the trial judge who heard Chairez's initial Rule 35(c) motion erred in reinstating Chairez's direct appeal rights. Chairez appealed to the CCA. On January 24, 2008, the CCA concluded that the trial judge who heard Chairez's initial Rule 35(c) motion had properly reinstated Chairez's direct appeal rights. However, the CCA also concluded that Chairez could not demonstrate that he would have prevailed on a direct appeal, and therefore affirmed the denial of post-conviction relief.

On May 15, 2009, Chairez initiated these federal habeas proceedings by filing a pro se motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. Chairez's motion was granted and, on May 27, 2009, Chairez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chairez's petition asserted three claims for relief: (1) that his due process and equal protection rights were violated when the state trial court sentenced him pursuant to a sentence-enhancing statute that was never listed in the original or amended charging documents; (2) that his trial counsel deliberately misrepresented the terms of the plea bargain offered by the state, coerced him to plead

3

guilty by insisting there was no defense, failed to inform Chairez of the spousal privilege

that applied under Colorado law, and failed to thoroughly investigate the case; and (3) the

State of Colorado violated his due process and equal protection rights by denying him the

right to directly appeal his sentence.

The magistrate judge assigned to the case directed respondents to file a Pre-

Answer Response limited to addressing the affirmative defenses of timeliness under 28

U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A).  After receiving the respondents' Pre-Answer Response and Chairez's

reply thereto, the district court issued an order dismissing Chairez's petition as untimely.

In doing so, the district court first concluded that Chairez had forty-five days, or until

January 4, 2002, to file a direct appeal after the state trial court reinstated his ability to do

so on November 20, 2001.  In turn, the district court concluded that because Chairez did

not file a direct appeal,  "his sentence became final on January 4, 2002, and the 1-year

[federal] statute of limitations began to run on January 5, 2002."  App. at 313.  The

district court then considered the extent to which Chairez's state post-conviction

proceedings tolled the federal limitations period:

> As of January 4, 2002, the date his sentence became final, Mr. Chairez
> was in the process of appealing the trial court's denial of his April 20, 2000
> motion to withdraw his guilty plea.  This post-conviction appeal concluded
> on August 25, 2003, when the Colorado Supreme Court denied his petition
> for writ of certiorari.
>
> There were no pending motions for post-conviction relief between
> August 26, 2003 and December 14, 2003.  These 110 days are credited
> against the 1-year statute of limitation.  Respondents assert that Mr. Chairez

4

then filed a Rule 35(b) motion to reconsider his sentence on December 15, 2003, which was denied on January 8, 2004. Mr. Chairez had 45 days, or until February 23, 2004, to appeal the order. There were no pending post-conviction motions between February 23, 2004 and August 29, 2004. These 188 days are also credited against the 1-year statute of limitation.

On August 30, 2004, Mr. Chairez filed a Rule 35(c) motion for post-conviction relief and a Rule 35(a) motion for correction of illegal sentence. Counsel was subsequently appointed for Mr. Chairez, and the motions remained pending until May 16, 2006, when the trial court ruled that if no further pleadings were entered by June 30, 2006, the issue would be deemed abandoned. On June 5, 2006, Mr. Chairez filed, through counsel, a motion for post-conviction relief. The trial court denied the motion by order dated July 11, 2006. Mr. Chairez appealed to the CCA, the CCA affirmed the trial court, and the Colorado Supreme Court denied certiorari by order dated May 19, 2008. Thereafter, 359 days passed until Mr. Chairez's Application was received by the Court on May 15, 2009. Therefore, a total of 657 days has passed, and the Application was untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) absent equitable tolling of the limitations period.

Id. at 315-16 (internal citations omitted). Lastly, the district court noted that "Chairez fail[ed] to assert any basis for equitable tolling." Id. at 316. Accordingly, the district court concluded that Chairez was "time-barred from filing a federal habeas corpus action . . . ." Id.

Final judgment was entered in the case on September 24, 2009. Chairez filed a notice of appeal on October 15, 2009. On October 21, 2009, the district court issued an order denying Chairez a COA. Chairez has now filed a request for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A);

5

see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 of § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, the district court correctly outlined the controlling standards for assessing the timeliness of a petition for writ of habeas corpus pursuant to § 2254. As it noted, Congress has "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations

6

period is tolled, however, by "[t]he time during which a properly filed application for State post conviction relief ... is pending." Id. § 2244(d)(2). Finally, the limitations period may also, in rare circumstances, "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

After reviewing the record on appeal, we agree with the district court that Chairez's application for federal habeas relief was filed well past the expiration of the one-year limitations period, and we conclude that no reasonable jurist could find it debatable whether the district court was correct in this regard. Likewise, we agree with the district court that no basis exists in the record for applying the doctrine of equitable tolling.

The request for a COA is DENIED and the matter is DISMISSED. Chairez's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge